## EX PARTE LOUIS.

A *statu-liber* may sue for his liberty, unaided by a curator or other person. The appointment of a curator to a *statu-liber* is only necessary to preserve or administer property, given or devised to him after 'he has acquired the right to freedom at a future time. C. C. 193.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *J. M. Wolfe*, for the appellant. *Biron*, contrâ. The judgment of the court was pronounced by

KING, J. *Antoine Général*, by his last will, directed his slave *Louis* to be liberated at the age of twenty-one years. Until that age he was left under the care of his executor, *David Cousin*, with an injunction upon the latter to cause the slave to be taught a trade. *Louis* lately presented a petition to the District Court representing, that the period for his emancipation had arrived; that he was entitled to wages for the time that he remained in the service of *Cousin*, and to damages for ill treatment; and prayed for the appointment of a curator to take charge of his person and administer his property. An order was granted for the appointment of a curator, in conformity with this prayer. *Cousin* subsequently took a rule to show cause why the order should not be set aside. The rule was made absolute, and the plaintiff has appealed.

No appointment of a curator was necessary to enable the plaintiff to maintain an action for his liberty. The *statu-liber* is authorized to appear in court unaided, for that purpose. The law only contemplates the appointment of a

curator to the *statu-liber*, for the purpose of preserving and administering property given, or devised, to him, after he has acquired the future right to his freedom. C. C. art. 193. It is neither alleged nor shown that the petitioner has received a donation or bequest. and, we think, that the judge did not err in rescinding the order. The question in relation to the petitioner's right either to the damages or wages claimed, although discussed at bar, does not properly arise in the present litigation. It is understood to be at issue in another action now pending between the parties, and an expression of opinion in relation to it, at this time, would be premature, as we deem it unnecessary to the decision of the isolated question presented. *Judgment affirmed.*